Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment: (1) directing respondents to vacate the determination of the superintendent’s proceeding held on August 27, 1976 and to expunge from petitioner’s records all references to the charges; (2) directing respondents to restore all good time taken from petitioner at the August 27, 1976 proceeding; (3) directing respondents to restore petitioner to the position he was in prior to the revocation of his work release status; and (4) directing respondents to afford petitioner a full due process hearing.
Petitioner is presently an inmate at Great Meadow Correctional Facility at Comstock, New York. On August 20 and August 27, 1976 he was an inmate at Edgecombe Correctional Facility in New York City on an education and work release program pursuant to section 851 of the Correction Law. He was awakened at 10:00 p.m. on the night of August 20,1976 by a correction officer and told to give a urine specimen, which he did. On August 26, 1976, petitioner also was asked and did produce a urine specimen. Petitioner was then apprehended and held in a detention room pending a superintendent’s proceeding and given a copy of the superintendent’s proceeding charges against him which indicated that the urinalysis of the specimen taken indicated drug usage by petitioner (positive for quinine and morphine).
A hearing was held on August 27, 1976 and petitioner denied that he used the drugs on August 20 and August 22. Petitioner testified that his wife had been giving him medication for a cold when he went home on furlough, and a prison doctor gave him pills for a shoulder pain. Petitioner was found guilty as charged by the presiding officer on August 27, 1976 and received a punishment of loss of 30 days’ good time credit and a return to a more secure setting (transfer from Edgecombe to Ossining Correctional Facility, now transferred to Great Meadow).
Petitioner contends that the superintendent’s proceeding which resulted in his removal from the education and work release program must be governed by the same full adversary due process procedures required in parole revocation hearings.
This court cannot agree with these contentions of the petitioner. A superintendent’s proceeding is a prison disciplinary *653 hearing at which a senior staff member sits as a hearing officer. The inmate is given advanced written notice of the charges; is permitted to call witnesses and present documentary evidence; and receive assistance from a prison employee. There is a tape recording made of the hearing. The finding must be based on substantial evidence and is subject to review. The inmate is given a statement of the finding but is not permitted to confront and cross-examine adverse witnesses, nor is he permitted the right to be represented by counsel. These procedures were approved as proper in Wolff v McDonnell (418 US 539) for prison disciplinary hearings.
As the Supreme Court of the United States stated in Wolff v McDonnell (supra, pp 560-561): "[I]t is immediately apparent that one cannot automatically apply procedural rules designed for free citizens in an open society, or for parolees or probationers under only limited restraints, to the very different situation presented by a disciplinary proceeding in a state prison. * * * Prison disciplinary proceedings * * * take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so.”
It is the opinion of this court that inmates on an education and work release program pursuant to section 851 of the Correction Law are not given substantially the same degree of freedom in open society as are parolees, and therefore, are not entitled to the same degree of procedural due process for revocation of their privileges. The degree of procedural due process afforded to the petitioner herein is all that can be reasonably expected under the circumstances.
In view of the foregoing, the petition is in all respects denied.